■ WILLIAM WALZ, Respondent, v. DIESEL CONSTRUCTION CO., INC., Appellant.— Judgment in favor of plaintiff affirmed, with $50 costs and disbursements to respondent. The pertinent statutes were properly interpreted by the court and the questions of fact were presented to the jury in a correct charge. The general contractor, having undertaken to construct the sidewalk bridge, had to do so in accordance with the statutory exactions. Not having done so the jury was permitted to find the failure some evidence of negligence and a proximate cause of the injury. Further, the issue of plaintiff's contributory negligence as a subordinate workman was properly tendered the jury and resolved in his favor, as the law warrants. (Broderick v. Cauldwell-Wingate Co., 301 N. Y. 182.)  The verdict being reasonable, if not moderate, there is no reason for disturbing it.  Concur — Botein, P. J., Stevens, Capozzoli and McGivern, JJ.; Eager, J., dissents in the following memorandum:  I would reverse the judgment for plaintiff and dismiss the complaint. The alleged negligence of the general contractor was not a proximate cause of the accident. The lack of an enclosure or the absence of railings along the side of the sidewalk bridge was an open and obvious condition known to the plaintiff and his employer, a subcontractor. Well aware of the risk and danger involved, the subcontractor deliberately made use of the very condition of which the plaintiff complains and, because of the absence of an enclosure or railing, caused the bundles of steel rods to be lowered over the edge of the bridge to the street below. The purpose of a railing or an enclosure around the edge of the bridge was not to prevent or regulate this particular method of work employed by the subcontractor or to guard against an injury during the same. Thus, the method employed, being the cause of the accident, was an independent and intervening cause over which the defendant general contractor had no control. The defendant should not be and is not chargeable for an injury which, as here, was occasioned as a result of the danger deliberately assumed and created by the subcontractor in the prosecution of its work. (See Rivera v. City of New York, 11 N Y 2d 856; Ehrlich v. C. B. S. Columbia, 8 N Y 2d 1113; Ranney v. Habern Realty Corp., 281 App. Div. 278, affd. 306 N. Y. 820; Employers Mut. Liab. Ins. Co. v. Di Cesare & Monaco Concrete Constr. Corp., 9 A D 2d 379; Schweitzer v. Forbes Fireproofing Corp., 5 A D 2d 419.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AARON ROOSEVELT GREEN, Appellant.— Judgment of conviction unanimously modified, on the law, to the extent of directing that the sentence for grand larceny in the first degree shall run concurrently with the sentence for robbery in the first degree, instead of consecutively, and otherwise affirmed. (See People ex rel. Maurer v. Jackson, 2 N Y 2d 259.)  Concur — Botein, P. J., Stevens, Capozzoli, McGivern and McNally, JJ.

■ In the Matter of FRANCES LASCHEVER, Respondent, v. IRVING LASCHEVER, Appellant.— Order of the Family Court entered July 19, 1967 providing for support of the petitioner unanimously affirmed, without costs or disbursements. Order of the Family Court entered August 14, 1967 awarding a counsel fee unanimously modified on the law, the facts and in the exercise of discretion, so as to reduce the counsel fee to $500 and as modified is affirmed, without costs or disbursements.  Concur — Botein, P. J., Eager, Steuer, Tilzer and Rabin, JJ.